By the Court.—Freedman, J.
This is an appeal from an order made at special term denying plaintiff’s motion to vacate the judgment for costs in favor of defendant and to direct the clerk to tax plaintiff’s costs and to enter judgment for such costs. In the notice of appeal the plaintiff gave notice that upon the appeal from said order he would ask for a review of a prior order denying plaintiff’s motion for a new taxation of *254 costs and affirming the clerk’s decision refusing to tax plaintiff’s costs.
The jury having rendered a general verdict of $23.59, for the plaintiff, the clerk refused to tax plaintiff’s costs because the verdict was for legs than $50. It is claimed by the plaintiff, however, that he is entitled to costs because the action is one of which no justice of the peace could have taken jurisdiction.
Section 3228 of the Code of Civil Procedure provides, among other things, that the plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor in an action specified in subdivision 4 of section 2863. By turning to that section and subdivision, it is found that it refers to an action in which a justice of the peace has not. jurisdiction. The action thus referred to is one where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400.
By the pleadings it appears that the plaintiff sued upon seven distinct causes of action amounting in the aggregate to $552.50, exclusive of interest. The defendant interposed a general denial and then set up two counter claims arising out of matters disconnected with any of the claims of the plaintiff and amounting together to the sum of $561.26, exclusive of interest.
To recover costs upon a verdict of only $23.59, in his favor as the result of a trial of all these issues, the plaintiff was therefore bound to show before the clerk as taxing officer, not only that the sum of the accounts of both parties as set forth exceeded $400, but also that the sum of the accounts actually proved upon the trial was in excess of $400. Tompkins v. Green, 82 N. Y. 619, affirming 21 Hun 257.
The motions made subsequent to the taxation and resulting in the orders appealed from, were made to obtain relief claimed by the plaintiff as matter of right. No affidavit could therefore be considered against the objection of the defendant which was not before the *255 clerk. As a further consequence the determination of the appeals now before us depends exclusively upon the state of the proof before the clerk.
From the appeal book it is impossible to determine what proof was given by the plaintiff before the clerk. Even the bill of costs claimed and presented has not been printed. For all that appears no proof was made before the clerk that the sum of the accounts actually proved to the satisfaction of the jury was in excess of $400.
This being so, it is impossible to find that an error was committed either by the clerk or by either of the learned judges who respectively made the orders appealed from.
The orders must be affirmed with ten dollars costs and disbursements.
Ingraham, J., concurred.